Annmary Ittan (141372015)
aittan@ipcounselors.com
Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AES 7715)
asands@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391

Donald A. Beshada
BESHADA FARNESE LLP
dab@beshadafarneselaw.com
108 Wanaque Ave.
Pompton Lakes, New Jersey 07442
Tel: (973) 831-9910
Fax:  (973) 831- 7371

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK

| | |
|---|---|
| ONTEL PRODUCTS CORPORATION, *Plaintiff* <br><br> v. <br><br> MINDSCOPE PRODUCTS, *Defendant* | **CIVIL ACTION NO. <u>2:16-cv-8172</u>** <br><br> **COMPLAINT** <br><br> **JURY TRIAL REQUESTED** |

Ontel Products Corporation ("Ontel" or "Plaintiff"), a New Jersey corporation, by and

through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for: trademark infringement, false designation of origin and unfair

competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C.

1

§1125(a)); and for related state and common law claims.  Plaintiff seeks injunctive relief, an accounting, compensatory damages, treble damages, attorney's fees and costs, and such other relief as the Court deems proper.

## JURISDICTION AND VENUE

2.      This Court has Federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1125 et seq.; pursuant to 28 U.S.C. § 1338(b) as an action arising out of claims for false designation of origin and unfair competition; as well as pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper, inter alia, in this judicial district under 28 U.S.C. §§ 1391 because Defendant Mindscope Products (hereinafter, "Mindscope" or "Defendant") conducts business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, a substantial part of the subject property is located here, and the harm to Plaintiff has occurred in this district.

4.      This Court has personal jurisdiction over Defendant because Defendant conducts business in New Jersey and in this judicial district and/or otherwise avails itself of the privileges and protections of the laws of the State of New Jersey, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

## THE PARTIES

5.      Plaintiff Ontel is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 21 Law Drive, Fairfield, NJ 07004.

6.        Upon information and belief, Defendant Mindscope is a corporation organized and existing under the laws of the State of California, having its principal place of business at 10649 Glenoaks Blvd., Pacoima, CA 91331.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff and Its Well-Known Consumer Products

7.        Plaintiff is a leading developer, producer, marketer, and distributor of quality, innovative consumer products.  Plaintiff promotes and sells its products through national direct response television commercials commonly called, "As Seen On TV".  Plaintiff also promotes and sells its products at the retail level at well-known mass retail outlets including, but not limited to: Wal-Mart, Target Stores, Bed Bath & Beyond, Rite-Aid, CVS and Walgreens; through catalog companies; online, through its own and its retail customers' websites; as well as through a network of international distributors, among other channels of trade.

8.        Plaintiff is amongst the most well-known, well-respected sources of some of the most popular "As Seen On TV" products sold in the United States.

9.        One of Plaintiff's most recently successful products is a toy vehicle and track set, comprised of attachable and detachable individual track pieces that allow the user to customize the shape of the completed toy track, which is marketed and sold under the distinctive MAGIC TRACKS trademark ("MAGIC TRACKS Product" and "MAGIC TRACKS Mark", respectively). Plaintiff's MAGIC TRACKS Product has achieved great success since its introduction on February 15, 2016.

10.        While Plaintiff has gained significant common law trademark and other rights in the MAGIC TRACKS Mark and the MAGIC TRACKS Product through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for a federal trademark

registration for "MAGIC TRACKS", U.S. Serial No. 86942963.

11.      The MAGIC TRACKS Mark has a constructive date of first use of March 16, 2016 and is currently in use in commerce in connection with the MAGIC TRACKS Product.

12.      In addition to the channels described above, Plaintiff also markets and sells the MAGIC TRACKS Product through its MAGIC TRACKS website, https://www.magictracks.com ("MAGIC TRACKS Website") as well as through Plaintiff's online storefront on www.amazon.com ("Plaintiff's Amazon Storefront").  True and correct copies of a screenshot of the MAGIC TRACKS Website, a screenshot of Plaintiff's Amazon Storefront, images of the MAGIC TRACKS Product and an image of the MAGIC TRACKS Product packaging are attached hereto as **Exhibit A** and incorporated herein by reference.

13.      Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in the MAGIC TRACKS Product and the MAGIC TRACKS Mark.

14.      The success of the MAGIC TRACKS Product is due in part to Plaintiff's marketing and promotional efforts.  These efforts include advertising and promotion through television, the MAGIC TRACKS Website, Plaintiff's Amazon Storefront and retailer websites as well as other internet-based advertising and print in addition to participation in trade shows, among other efforts domestically and abroad.

15.      Plaintiff's success is also due to its use of the highest quality materials and processes in making the MAGIC TRACKS Product.

16.      In addition, Plaintiff owes a substantial amount of the success of the MAGIC TRACKS Product to its consumers and the word of mouth buzz that its consumers have generated.

17.    Plaintiff's marketing and promotional efforts, the quality of Plaintiff's products, and the word-of-mouth buzz generated by its consumers have made the MAGIC TRACKS Mark and the MAGIC TRACKS Product prominently placed in the minds of the public.  Retailers, retail buyers, consumers and members of the public have become familiar with the MAGIC TRACKS Product and associate it exclusively with Plaintiff.

18.    Plaintiff and its MAGIC TRACKS Mark have acquired a valuable reputation and goodwill among the public as a result of such associations (i.e., acquired distinctiveness or secondary meaning).

19.    Plaintiff has gone to great lengths to protect its interests to the MAGIC TRACKS Product and MAGIC TRACKS Mark.

20.    Defendant is not, and has never been, authorized by Plaintiff or any of its authorized agents to use Plaintiff's MAGIC TRACKS Mark or any confusingly or substantially similar marks.

### Defendant's Wrongful and Infringing Conduct

21.    In light of Plaintiff's enormous success with its popular "As Seen On TV" products, Plaintiff and its MAGIC TRACKS Product have become targets for unscrupulous individuals and entities who wish to take a free ride on the goodwill, reputation and fame Plaintiff has amassed in its MAGIC TRACKS Product and the MAGIC TRACKS Mark.

22.    Plaintiff investigates and enforces against such activity, and through such efforts, learned of Defendant's actions which include, but are not limited to, using the MAGIC TRACKS Mark in connection with the advertising, marketing, promotion, offering for sale, and/or sale of its own toy track product known as Twister Tracks ("Twister Tracks Product") to U.S. retailers, wholesalers and/or consumers (including those located in the state of New Jersey) on

www.amazon.com.

23.     Defendant operates an online storefront on www.amazon.com ("Defendant's Amazon Storefront) through which it offers for sale and/or sells its Twister Tracks Product, among other products.

24.     On or about October 8, 2016, Plaintiff became aware that Defendant had been using the MAGIC TRACKS Mark in the product title description for its Twister Tracks Product listing on www.amazon.com, as evidenced in the screenshot shown below.  A true and correct copy of the full screenshot from Defendant's Twister Tracks Product listing page on www.amazon.com is attached hereto as **Exhibit B** and incorporated herein by reference.



25.     On the same date, Plaintiff also became aware that Defendant had been using the MAGIC TRACKS Mark as a paid sponsored keyword on www.amazon.com in order to divert consumers from Plaintiff's Amazon Storefront to Defendant's Amazon Storefront.  As such, anytime a consumer ran a search on www.amazon.com using the MAGIC TRACKS Mark, a sponsored advertisement for Defendant's Twister Tracks Product, which clearly stated "Sponsored by Mindscope" and noticeably incorporated the MAGIC TRACKS Mark in the product description, was the first and most prominent search result.  This sponsored advertisement was displayed at the top of the search results page on www.amazon.com alongside several links to Defendant's Twister Tracks Product, as evidenced in the screenshot shown

below.    A   true   and   correct   copy   of   the   full   screenshot   depicting   the   search   results   and

Defendant's paid sponsored advertisement on www.amazon.com is attached hereto as **Exhibit C**

and incorporated herein by reference.



26.        By using the MAGIC TRACKS Mark in connection with the advertising, marketing,

promotion, offering for sale, and/or sale of Defendant's Twister Tracks Product, Defendant has

violated Plaintiff's exclusive rights in its MAGIC TRACKS Mark in order to confuse consumers

and aid in the promotion and sales of its Twister Tracks Product.  Defendant's conduct and use

began long after Plaintiff's adoption and use of its MAGIC TRACKS Mark.

27.        Prior to and contemporaneous with Defendant's unlawful actions alleged herein,

Defendant had knowledge of Plaintiff's ownership of its MAGIC TRACKS Mark, of the strength

of its MAGIC TRACKS Mark and of the incalculable goodwill associated therewith, and in bad

faith adopted and used Plaintiff's MAGIC TRACKS Mark.

28.        On or about October 10, 2016, Defendant was placed on notice of its infriging

actions.  A true and correct copy of the warning letter, and the exhibit thereto, sent by counsel for

Plaintiff to counsel for Defendant via e-mail on October 10, 2016 is attached hereto as **Exhibit D**

and incorporated herein by reference.

29.        Despite having been placed on notice by Plaintiff and provided with evidence clearly

depicting Defendant's infringing actions, on or about October 20, 2016 counsel for Defendant

sent a response to counsel for Plaintiff blatantly denying any wrongdoing on Defendant's part.  A

true and correct copy of the response from counsel for Defendant is attached hereto as **Exhibit E** and incorporated herein by reference.

30.       After receiving counsel for Defendant's response to Plaintiff's warning letter, Plaintiff became aware that Defendant removed any references to the MAGIC TRACKS Mark from both the product title description and the paid sponsored advertisement for its Twister Tracks Product listing on www.amazon.com, yet continued to use the MAGIC TRACKS Mark as a paid sponsored keyword, as evidenced by the screenshots below, and replaced the MAGIC TRACKS Mark in the text of the sponsored advertisement with "As Seen On TV", a term commonly associated with Plaintiff and its MAGIC TRACKS Product – which was, in fact, initially marketed, promoted and sold as an "As Seen on TV" product.



True and correct copies of the full screenshots depicting the changes made by Defendant to the product title description and the paid sponsored advertisement for its Twister Tracks Product listing on www.amazon.com are attached hereto as **Exhibit F** and incorporated herein by reference.

31.     Defendant's illegal infringing actions as alleged herein will cause confusion and mistake and will deceive consumers and the public into erroneously believing that Defendant's Twister Tracks Product is associated with Plaintiff, thereby damaging Plaintiff.

32.     In committing these acts, Defendant has, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed Plaintiff's MAGIC TRACKS Mark; engaged in unfair competition; and unfairly and unjustly profited from such activities at Plaintiff's expense.

33.     Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Trademark Infringement)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a) and § 1117(a)]

34.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

35.     Plaintiff's MAGIC TRACKS Mark has a constructive date of first use of March 16, 2016 and Plaintiff is currently, and has continuously been, using its MAGIC TRACKS Mark in interstate commerce.

36.     Plaintiff, as the owner of all right, title, and interest in and to the MAGIC TRACKS Mark, has standing to maintain an action for trademark infringement under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

37.     Defendant was, at the time it engaged in its actions as alleged herein, actually aware that Plaintiff is the owner of the MAGIC TRACKS Mark.

38.     Defendant did not seek, and failed to obtain, consent or authorization from Plaintiff,

as the owner of the MAGIC TRACKS Mark, to use the MAGIC TRACKS Mark in connection with the advertising, marketing, promotion, offering for sale, and/or sale of its Twister Tracks Product.

39.    Defendant knowingly and intentionally used the MAGIC TRACKS Mark in commerce in connection with the advertising, marketing, promotion, offering for sale, and/or sale of Defendant's Twister Tracks Product.

40.    Defendant's egregious and intentional use of Plaintiff's MAGIC TRACKS Mark in commerce on or in connection with the advertising, marketing, promotion, offering for sale, and/or sale of Defendant's Twister Tracks Product has caused, and is likely to continue to cause, actual confusion and mistake, has served to deceive the general purchasing public as to the source or origin of Defendant's Twister Tracks Product, and is likely to deceive the public into believing that Defendant's Twister Tracks Product is Plaintiff's MAGIC TRACKS Product or is otherwise associated with, or authorized by, Plaintiff.

41.    Defendant's actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the MAGIC TRACKS Mark, as well as with bad faith and the intent to cause confusion, mistake and deception.

42.    Defendant's continued, knowing and intentional use of Plaintiff's MAGIC TRACKS Mark, without Plaintiff's consent or authorization, constitutes intentional infringement of Plaintiff's MAGIC TRACKS Mark in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.    As a direct and proximate result of Defendant's illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to Plaintiff's MAGIC TRACKS Mark and the

goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable MAGIC TRACKS Mark.

44.     Based on Defendant's wrongful and infringing actions, Plaintiff is entitled to injunctive relief, as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a) and § 1117(a)]

45.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

46.     Plaintiff, as the owner of all right, title, and interest in and to the MAGIC TRACKS Mark, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

47.     Defendant knowingly and intentionally used the MAGIC TRACKS Mark in commerce in connection with the advertising, marketing, promotion, offering for sale, and/or sale of Defendant's Twister Tracks Product.  Defendant used false designations of origin and false and misleading descriptions and/or representations on or in connection with the advertising, marketing, promotion, offering for sale, and/or sale of its Twister Tracks Product with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in

error, that Defendant's Twister Tracks Product is Plaintiff's MAGIC TRACKS  Product or a related product, that Defendant's Twister Tracks Product is authorized, sponsored, approved, endorsed or licensed by Plaintiff, and/or that Defendant is affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of the Twister Tracks Product and allowing Defendant to capitalize on the goodwill associated with, and the consumer recognition of, Plaintiff's MAGIC TRACKS Mark, to Defendant's substantial profit, in blatant disregard of Plaintiff's rights.

48.        By using Plaintiff's MAGIC TRACKS Mark without authorization in connection with the advertising, marketing, promotion, offering for sale, and/or sale of Defendant's Twister Tracks Product, Defendant has traded off the extensive goodwill of Plaintiff and its MAGIC TRACKS Product and did, in fact, induce, and intends to and will continue to induce, customers to purchase Defendant's Twister Tracks Product, thereby directly and unfairly competing with Plaintiff.   Such conduct has permitted, and will continue to permit, Defendant to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its MAGIC TRACKS Mark, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

49.        Defendant knew, or by the exercise of reasonable care, should have known, that its unauthorized use in commerce of Plaintiff's MAGIC TRACKS Mark would cause confusion, mistake, or deception among purchasers, users and the public.

50.        Defendant's actions have been knowing, deliberate and willful and have been committed with knowledge of Plaintiff's exclusive rights and goodwill in its MAGIC TRACKS Mark, as well as with bad faith and the intent to cause confusion, mistake and deception and trade on the goodwill and reputation of Plaintiff, its MAGIC TRACKS Product and its MAGIC

TRACKS Mark.

51.     As a direct and proximate result of Defendant's illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to Plaintiff's MAGIC TRACKS Mark and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable MAGIC TRACKS Mark.

52.     Based on Defendant's wrongful and infringing actions, Plaintiff is entitled to injunctive relief, as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (Unfair Competition)
### [N.J.S.A. 56:4-1 et seq.]

53.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54.     By using Plaintiff's MAGIC TRACKS Mark without authorization in connection with the advertising, marketing, promotion, offering for sale, and/or sale of Defendant's Twister Tracks Product, Defendant has traded off the extensive goodwill of Plaintiff and its MAGIC TRACKS Product and did, in fact, induce, and intends to and will continue to induce, customers to purchase Defendant's Twister Tracks Product, thereby directly and unfairly competing with

Plaintiff. Such conduct has permitted, and will continue to permit, Defendant to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its MAGIC TRACKS Mark, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

55.     Defendant's use of Plaintiff's MAGIC TRACKS Mark without authorization was, and is, in violation and derogation of Plaintiff's rights and is likely to cause confusion, cause mistake and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendant's Twister Tracks Product.

56.     Defendant knew, or by the exercise of reasonable care, should have known, that its unauthorized use in commerce of Plaintiff's MAGIC TRACKS Mark would cause confusion, mistake, or deception among purchasers, users and the public.

57.     Defendant's use of Plaintiff's MAGIC TRACKS Mark without authorization in connection with the advertising, marketing, promotion, offering for sale and/or selling of its Twister Tracks Product constitutes acts of unfair competition through Defendant's appropriation for its own use of the name, brand, trademark, reputation, and goodwill of Plaintiff's MAGIC TRACKS Product and its MAGIC TRACKS Mark in violation of N.J.S.A. 56:4-1 et seq.

58.     Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful and malicious and intended to cause confusion, to cause mistake and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff and its competitive position while benefiting Defendant.

59.     As a direct and proximate result of Defendant's aforementioned wrongful actions, Plaintiff has been, and will continue to be, deprived of substantial sales of its MAGIC TRACKS Product in an amount as yet unknown but to be determined at trial, and has been, and will

continue to be deprived of the value of MAGIC TRACKS Mark as a commercial asset, in an amount as yet unknown but to be determined at trial.

60.     Plaintiff has no adequate remedy at law for Defendant's continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief, an order granting Plaintiff's damages and Defendant's profits stemming from its infringing activity, and exemplary or punitive damages for Defendant's intentional misconduct.

**FOURTH CAUSE OF ACTION**
**(Common-Law Unfair Competition)**
**[New Jersey Common Law]**

61.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

62.     By using Plaintiff's MAGIC TRACKS Mark without authorization in connection with the advertising, marketing, promotion, offering for sale, and/or sale of Defendant's Twister Tracks Product, Defendant has traded off the extensive goodwill of Plaintiff and its MAGIC TRACKS Product and did, in fact, induce, and intends to and will continue to induce, customers to purchase Defendant's Twister Tracks Product, thereby directly and unfairly competing with Plaintiff.   Such conduct has permitted, and will continue to permit, Defendant to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its MAGIC TRACKS Mark, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

63.     Defendant's use of Plaintiff's MAGIC TRACKS Mark without authorization was, and is, in violation and derogation of Plaintiff's rights and is likely to cause confusion, cause mistake and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendant's Twister Tracks Product.

15

64.     Defendant knew, or by the exercise of reasonable care, should have known, that its unauthorized use in commerce of Plaintiff's MAGIC TRACKS Mark would cause confusion, mistake, or deception among purchasers, users and the public.

65.     Defendant's use of Plaintiff's MAGIC TRACKS Mark without authorization in connection with the advertising, marketing, promotion, offering for sale and/or selling of its Twister Tracks Product constitutes acts of unfair competition through Defendant's appropriation for its own use of the name, brand, trademark, reputation, and goodwill Plaintiffs MAGIC TRACKS Product and MAGIC TRACKS Mark.

66.     Defendant's aforementioned wrongful actions constitute unfair competition and unfair business practices contrary to the common law of the State of New Jersey.

67.     Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful and malicious and intended to cause confusion, to cause mistake and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff and its competitive position while benefiting Defendant.

68.     As a direct and proximate result of Defendant's aforementioned wrongful actions, Plaintiff has been, and will continue to be, deprived of substantial sales of its MAGIC TRACKS Product in an amount as yet unknown but to be determined at trial, and has been, and will continue to be deprived of the value of MAGIC TRACKS Mark as a commercial asset, in an amount as yet unknown but to be determined at trial.

69.     Plaintiff has no adequate remedy at law for Defendant's continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief, an order granting Plaintiff's damages and Defendant's profits stemming from their infringing activity, and exemplary or punitive damages for Defendant's intentional misconduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, inclusive, and each of them, as follows:

A.  For entry of a preliminary and permanent injunction enjoining Defendant from using Plaintiff's MAGIC TRACKS Mark and/or a mark confusingly similar to Plaintiff's MAGIC TRACKS Mark;

B.  For an award of Defendant's profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for trademark infringement under 15 U.S.C. §1125(a);

C.  For an award of Defendant's profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

D.  For an award of damages in an amount to be proven at trial for unfair competition pursuant to N.J.S.A. 56:4-1 et seq.;

E.  For an award of damages to be proven at trial for common law unfair competition;

F.  For an award of exemplary or punitive damages in an amount to be determined by the Court;

G.  For Plaintiff's reasonable attorney's fees;

H.  For all costs of suit; and

I.  For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.


Dated:  November 2, 2016                                        EPSTEIN DRANGEL, LLP

                                                    By:      s/ Annmary Ittan
                                                             Annmary Ittan (141372015)
                                                             aittan@ipcounselors.com
                                                             Jason M. Drangel (JMD 7204)
                                                             jdrangel@ipcounselors.com
                                                             Ashly E. Sands (AES 7715)
                                                             asands@ipcounselors.com
                                                             60 East 42nd Street, Suite 2520
                                                             New York, NY 10165
                                                             Tel: 212-292-5390
                                                             Fax: 212-292-5391